UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACQUELYN BURTON,

        Plaintiff,

   v.                                     Case No. 19-cv-164-pp

AMNJ ENTERPRISES INC.,
and JOEL BURTON,

        Defendants.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SETTLEMENT DOCUMENTS UNDER SEAL (DKT. NO. 22) AND DENYING WITHOUT PREJUDICE JOINT MOTION FOR CERTIFICATION OF A COLLECTIVE & CLASS ACTION FOR SETTLEMENT PURPOSES (DKT. NO. 21)**

On April 17, 2020, the defendants filed an unopposed motion for leave to file settlement documents under seal, dkt. no. 22, along with the parties' joint motion for certification of a collective and class action for settlement purposes, dkt. no. 21. The court will deny both motions without prejudice.

**I.   Defendant's Motion for Leave to File Settlement Documents Under Seal (Dkt. No. 22)**

The defendants ask the court to seal their Settlement and Release Agreement, Supplemental Settlement Agreement and Class Notice and Claim Form. Dkt. No. 22. According to the defendants, good cause exists to override the presumption of the public's right of access to court documents. Id. at ¶4. The defendants indicate that the parties voluntarily agreed to a confidentiality clause in the settlement and release agreement; they assert that failing to seal the documents would deprive the parties of their rights to enforce contractual

1

legal obligations. Id. ¶5. In addition, the defendants assert that confidentiality of the terms of the settlement will encourage settlement, avoid copycat litigation, conserve judicial and litigant resources and protect the privacy rights of the parties. Id. ¶6. Finally, the defendants maintain that the settlement is based on the defendants' confidential business practices, including how to staff locations and how employees are compensated, disclosure of which would affect defendants' ability to compete in the market. Id. ¶7.

Fair Labor Standards Act (FLSA) settlements require either supervision by the Department of Labor or judicial approval in order to avoid a challenge to the validity of a settlement. Wendorf v. Vill. of Plover, No. 19-cv-251-wmc, 2020 WL 2473759, * 1 (W.D. Wis. May 13, 2020). Documents that "affect the disposition of federal litigation are presumptively open to public view." Goesel v. Boley Intern (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013). The public has a right of access to the judicial record to know who is using the courts, to understand judicial decisions and to monitor the judiciary's performance. Id. Because the public pays for the courts, the public is entitled to know what goes on at all stages of a judicial proceeding. Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). A party may override this interest only if its privacy interest surmounts the public's interest; "that is, only if there is good cause for sealing a part or the whole of the record in that case." Roumann Consulting Inc. v. T.V. John & Son, Inc., No. 17-C-1407, 2019 WL 3501513, at *8 (E.D. Wis. Aug. 1, 2019). Good cause requires more than a reference to a confidentiality agreement. See Goesel, 738 F.3d at 835.

In 2016, Judge J.P. Stadtmueller denied a motion like the one filed by the defendants. Metzger v. Auto Rescue of MKE LLC, No. 15-CV-967-JPS, 2016 WL 7839154, at *3 (E.D. Wis. July 11, 2016). He explained that "the more that

is known about size (and terms) of settlements, the easier it should be for prospective litigants to predict the likely outcome of their own litigation, and ability to predict outcome should both foster and simplify settlement." Id. at *2. Judge Stadtmueller held that "the defendants' desire to avoid copycat litigation is also insufficient to justify sealing settlement documents." Id. at *3. He found that the parties' confidentiality agreement did not provide good cause. Id. Three years before Metzger, the Seventh Circuit had emphasized that the parties must give the court a reason for not disclosing the documents beyond the fact that they don't want them disclosed. Goesel, 738 F.3d at 835.

    The cases cited by the defendants do not persuade the court that the defendants have met their burden. The first two cases, Metavante Corp. v. Emigrant Sav. Bank, No. 05-CV-1221, 2008 WL 4722336, at *9-10 (E.D. Wis. Oct. 24, 2008) and Baxter Intern, Inc. v. Abbott Labs., 297 F.3d 544 (7th Cir. 2012), did not involve settlements that required judicial approval. In Metavante, the court granted the motion to seal because, after reviewing the submissions, it was apparent the documents contained trade secrets, pricing, business plans and strategies. Id. at *9. On the other hand, the Baxter court denied a motion to seal where the parties made "no effort to justify the claim of secrecy." Id. at 546. The parties in Baxter simply asserted that the court should seal on the ground that the documents were commercial documents. The Seventh Circuit allowed the parties to amend their motion but stated that it would "in the future deny outright any motion . . . that does not analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Id. at 548.

    A third case cited by defendants, Beckwith v. Planet Forward, LLC, No. 3:18-CV-801 JD, 2019 WL 588178, *1 (N.D. Ind. Feb. 13, 2019), contains no

3

discussion of the court's reasons for sealing the settlement beyond noting that it was a material term in the parties' settlement. The final case, Swarthout v. Ryla Teleservices, Inc., No. 4:11-CV-21-PRC, 2012 WL 5361756 (N.D. Ind. Oct. 30, 2012), involved a motion to seal a settlement in a FLSA collective class action in which the parties argued that sealing would prevent prejudice to the defendant in similar lawsuits, that confidentiality was a key term of the settlement agreement and that trade secrets or sensitive business information contained within the documents justified sealing. Id. at *3. The court approved the motion to seal in part, agreeing to seal the settlement agreement because the confidentiality provision was material to the parties' resolution. Id. The court struggles to square that reasoning with the language in Goesel.

The motion does not state good cause under Civil Local Rule 79(d)(3) and Seventh Circuit precedent. Because the defendants indicate that the confidentiality provision was mutually agreed upon by the parties as part of the settlement, the court will give the parties twenty-one days to file an amended motion that complies with the Seventh Circuit's directive that they provide specific cause for sealing the agreement, other than the fact that they have agreed they wish to keep it private.

### II. Joint Motion for Certification of a Collective & Class Action for Settlement Purposes (Dkt. No. 21)

The parties attached their settlement and release agreement, dkt. no. 21-1, and the proposed class notice, dkt. no. 21-2, to their joint motion for certification of the collective and class action, in which they explained why they believe the settlement is fair, reasonable and adequate, dkt. no. 21 at 7-25. The parties also applied the Rule 23(a) and (b) standards to the proposed Rule 23 class, which the motion indicates includes "all employees who have worked for Defendant AMNJ Enterprises, Inc. as delivery drivers at any time from January

4

Case 2:19-cv-00164-PP    Filed 07/13/20    Page 4 of 6    Document 23

31, 2016 and the date on which the court grants preliminary approval." Dkt. No. 21 at 4.

The motion, settlement agreement and proposed class notice conflict in the description of the class. The settlement agreement indicates at paragraph 37 that the parties stipulate to a Fed. R. Civ. P. 23 class certification of the following class:

> All persons who have worked as a delivery driver for Defendants between January 31, **2017** and the date that the Court grants preliminary approval.

Dkt. No. 21-1 ¶37 (emphasis added). The motion describes the "settlement class," without distinguishing between the Rule 23 class and the FLSA class, as "[a]ll persons who have worked as a delivery driver for Defendants between January 31, **2016** and the date the Court grants preliminary approval." Dkt. No. 21 at 4. The proposed notice to the class describes the class under Wis. Stat. §109.01, *et seq.* and the FLSA as "[a]ll employees who have worked for Defendant AMNG Enterprises, Inc. as delivery drivers at any time from January 31, **2016,** to [date Court grants preliminary approval of settlement]." Dkt. No. 21-2 at 2.

The court will deny without prejudice the motion to certify the collective and class action, approve the settlement, preliminarily approve the settlement and approve the notice, and will allow the parties the opportunity to clarify these discrepancies.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the defendants' motion for leave to file settlement documents under seal. Dkt. No. 22.

The court **ORDERS** that within twenty-one days of the date of this order, the defendants may file a new motion to seal that complies with Seventh

Circuit precedent. The court **ORDERS** that the documents that are the subject of the motion to seal must remain under seal until otherwise ordered by the court.

The court **DENIES WITHOUT PREJUDICE** the parties' joint motion for certification of a collective and class action for settlement purposes. Dkt. No. 21. The parties may file an amended motion within twenty-one days of the date of this order.

Dated in Milwaukee, Wisconsin this 13th day of July, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**