UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACQUELYN BURTON,

        Plaintiff,

                                              Case No. 19-cv-0164-bhl

  v.

AMNJ ENTERPRISES INC,
JOEL BURTON,

        Defendants.

## ORDER

      The parties in this Wisconsin class action and Fair Labor Standards Act collective action case have agreed to settle their disputes, subject to the Court's approval. On April 17, 2020, in conjunction with seeking Court approval of the settlement, the Defendants asked the Court for permission to file three settlement-related documents under seal. (ECF No. 22.) The Court denied the request without prejudice on July 13, 2020, citing established Seventh Circuit caselaw on the public's right to access court filings and concluding that the record did not support a finding of good cause sufficient to warrant sealing portions of the agreements. (ECF No. 23.) Two weeks after the Court's ruling, on July 27, 2020, Defendants filed an amended and unopposed motion for leave to file a redacted version of the settlement agreement and release. (ECF No. 24.) On August 11, 2020, Defendants filed amended requests for the Court's approval of the settlement. (ECF No. 27.)

      In their renewed effort to shield the full settlement from public scrutiny, Defendants indicated they are willing to file openly on the docket most of the settlement documents. With respect to the Class Action Settlement Agreement itself, however, Defendants ask for permission to redact several key facts "to preserve the confidentiality of the overall class settlement amount (or components of such amount from the overall dollar amount could be inferred.)" (ECF No. 24.) They further argue that redaction of the maximum settlement amount is justified to protect the parties' privacy interests, to prevent copycat litigation, and to uphold their reputations in the

community. Accordingly, they seek to limit access to an unredacted version of the agreement to the Court, with a sealing order.

Defendants' renewed effort at secrecy continues to misunderstand the public's right to access court filings, including filings related to proposed settlements of litigation. As the Seventh Circuit has explained, "because there is potential public value to disclosing settlement terms, including amount, parties have to give the judge a reason for not disclosing them—and the fact that they don't want to disclose is not a reason." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 835 (7th Cir. 2013). Defendants do not assert that the terms of the settlement would reveal trade secrets, or seriously compromise personal privacy or national security, so the presumption of public access to court documents overrules their concerns. *Id.* at 833-35; *Metzger v. Auto Rescue of MKE LLC*, 2016 WL 7839154, at *3 (E.D. Wis. July 11, 2016) (holding that the "desire to avoid copycat litigation" is not enough to warrant the sealing of settlement documents). The interests they cite are not ones that can justify keeping a court filing secret from the public. Accordingly, Defendants' motion will be denied.

Because Defendants' motion for leave to file the class settlement agreement with limited redactions is denied, the Court will also deny the amended joint motion for approval of the settlement. The Court is sensitive to move this long-pending case to final resolution as efficiently as possible. Accordingly, the Court brings to the parties' attention some potential issues that the parties may wish to address in refiling the settlement agreement and related documents. First, the proposed notice informs recipients that the Court has appointed Plaintiff's counsel as class counsel and Plaintiff as class representative, but it does not appear that any motion requesting these appointments has been filed. Perhaps, counsel assumed this was implicit in the request to approve the settlement, but such a request should be made explicitly by motion. Second, the court is not confident that the proposed notice includes information sufficient to allow individual class and collective members to value their claims and make an informed choice about participation in the settlement. For example, among other things, the notice does not appear to explain to potential collective or class members the maximum settlement amount, the amount of the requested attorneys' fees, or administration costs. Third, the current filings suggest the parties want the Court to continue its jurisdiction over the action and the settlement even after the entry of judgment. If that is the parties' wish, they should

provide supporting authority for this request; it is not obvious that the Court can retain jurisdiction after it enters judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' amended motion for leave to file the class settlement agreement with limited redactions, ECF No. 24, is **DENIED**.

**IT IS FURTHER ORDERED** that the parties' amended joint motion for (1) certification of a collective and class action for settlement purposes, (2) approval of a collective action settlement, (3), preliminary approval of a class action settlement, (4) approval of notice to putative claimants, and (5) scheduling a hearing for final approval of the parties' class action settlement agreement, ECF No. 27, is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on March 8, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge