# SETTLEMENT AND RELEASE AGREEMENT

Plaintiff, Jacquelyn Burton, on behalf of herself and the Settlement Class defined below, on the one hand, and Defendants, AMNJ Enterprises, Inc. and Joel Burton, on the other hand, agree to a settlement, subject to approval as discussed below, through this Settlement and Release Agreement ("Settlement" or "Agreement"):

## I.
## DEFINITIONS

In addition to other terms defined in this Agreement, the terms below have the following meaning in this Agreement:

1.      "Action" means the lawsuit entitled Jacquelyn Burton et al. v. AMNJ Enterprises, Inc. et al. (Case No. 2:19-cv-164), pending in the U.S. District Court for the Eastern District of Wisconsin.

2.      "Administrator" means the third-party claims administrator, CAC Services Group, LLC, mutually agreed-upon by the Parties, whose costs will be paid out of the Maximum Settlement Amount.

3.      "Authorized Claimant" means a Participating Class Member who has returned a valid and timely Claim Form.

4.      "Claim Form" means the approved claim form and consent to join, that will be agreed upon by the Parties, that Settlement Class Members must complete, sign and timely return to receive a Settlement payment.

5.      "Class Counsel" means the law firms of Forester Haynie PLLC and Branstetter, Stranch, & Jennings, PLLC.

6.      "Class Representative" or "Plaintiff" or "Named Plaintiff" means Jacquelyn Burton.

7.      "Court" means the U.S. District Court for the Eastern District of Wisconsin.

FP 37114447.1
FP 37114447.4

8. "Defendants" means AMNJ Enterprises, Inc. and Joel Burton.

9. "Defendants' Counsel" means the law firm of Fisher & Phillips LLP.

10. "Effective Date" means the day the Settlement is Final as defined in ¶ 12 below.

11. "Exclusion Letter" means a letter that Settlement Class Members must complete, sign and timely return to exclude themselves from this Settlement, setting forth their name, the last four digits of their Social Security number, and a statement that they request exclusion from the Settlement Class and do not wish to participate in the Settlement.

12. "Final" means that the Court has granted final approval of the Settlement without modification and either: (a) the applicable date for seeking appellate review of the Court's approval of the Settlement has passed without a timely appeal; (b) an appellate court has rendered a final decision or judgment affirming the Court's final approval of the Settlement without modification, and the time for any further appeal has expired; or (c) any timely appeal has been dismissed.

13. "Final Approval Hearing" means the hearing that the Court conducts to determine whether to finally approve and implement the Settlement. In no event shall the Final Approval Hearing be scheduled earlier than 90 days after the CAFA notices are served on the appropriate federal and state government officials pursuant to ¶ 35 below.

14. "Maximum Settlement Amount" means $690,000.00. Defendants' gross aggregate payments under this Agreement shall not under any circumstances exceed the "Maximum Settlement Amount."

15. "Net Settlement Amount" means the Maximum Settlement Amount minus any approved amounts for Class Counsel's fees and costs, the service payment to the Class Representative, and the costs of the Administrator.

16. "Notice" means the approved notice to be mailed to Settlement Class Members that will be agreed upon by the Parties, which, following the Preliminary Approval of the Settlement,

will be mailed to each Settlement Class Member explaining the Settlement terms and the claims process, as set forth herein.

17.     "Parties" means Plaintiff, Jacquelyn Burton, together with Defendants, AMNJ Enterprises, Inc. and Joel Burton, and "Party" means any of the Parties.

18.     "Participating Class Members" means Settlement Class Members who have not timely submitted a request to be excluded from the Settlement Class.

19.     "Preliminary Approval" means that the Court has preliminarily approved the settlement and authorized the issuance of Notice to Settlement Class Members, as set forth herein.

20.     "Release Period" means January 31, 2017 through the date the Court grants Preliminary Approval of the Settlement Agreement.

21.     "Settlement Class" or "Settlement Class Member(s)" means all individuals who are reflected on the Final Class Data List, which, for the purposes of this Settlement only and for no other purpose whatsoever, shall consist of all delivery drivers who worked for Defendants during the Release Period.

22.     "Settlement Payment" means the distribution of the Net Settlement Amount to Authorized Claimants pursuant to ¶¶ 33 and 34 below. "Potential Settlement Payment" means the pro-rata share of the Net Settlement Amount allocable to each Settlement Class Member.

## II.
## RECITALS

23.      On or about January 31, 2019, legal counsel for Jacquelyn Burton filed a Complaint in the United States District Court for the Eastern District of Wisconsin for alleged failure to pay proper minimum wage under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), alleged failure to provide timely payment pursuant to WI Stat. § 109.01 *et seq.*, and unjust enrichment pursuant to Wisconsin common law on behalf of Plaintiff and a putative class of

similarly situated individuals related to claims that she was not properly reimbursed for mileage expenses related to the business use of her personal vehicle.

24.     On November 4, 2019, the Parties mediated before Kay Wolf, Esq., an experienced wage and hour class action mediator.

25.     The Parties were unable to reach a settlement during the November 4, 2019 mediation with Kay Wolf, Esq., but subsequently reached an agreement to settle this putative class and collective action on the terms set forth within this agreement for the Maximum Settlement Amount.

### III.
### TERMS OF SETTLEMENT

26.     <u>Condition Precedent</u>.  The Settlement and the payments described herein are conditioned upon passing of the Effective Date and the Settlement becoming Final.

27.     <u>Maximum Settlement Amount</u>:  Defendant's total aggregate payments under this Agreement shall under no circumstances exceed $690,000.

28.     <u>Taxes</u>.  The Authorized Claimants shall indemnify and hold each Defendant and Defendants' Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification); provided, however, that, without making any representation or warranty concerning the tax treatment of any sums to be paid under this Agreement, and provided that nothing herein is intended as, and shall not be construed as, any representation or admission by Defendants that any employer's share of income taxes shall be owed with respect to any such sums, the Parties acknowledge and agree that the indemnification obligations of the Authorized Claimants hereunder shall not extend to any potential employer's share of employment taxes owed by Defendants, if any. The Parties intend this settlement to reimburse Authorized Claimants for non-taxable vehicle costs expended by Authorized Claimants in furtherance of their delivery duties on behalf of Defendants.

29.     Class Counsel's Attorneys' Fees, Costs and Expenses:  Plaintiff and/or Class Counsel will request, and Defendants will not oppose, a payment from the Maximum Settlement Amount for attorneys' fees for all the work already performed and all the work remaining to be performed in this Action, including the costs associated with third-party administration of this Settlement, and for costs and expenses incurred by Class Counsel in prosecuting the Action and implementing the terms of the Settlement, in a gross amount not to exceed a total of Two Hundred Forty-Five Thousand and No/100 Dollars ($245,000.00), with Class Counsel fees not to exceed 33% of the Maximum Settlement Amount ($230,000) and costs not to exceed $15,000. The award of Class Counsel's attorneys' fees, costs and expenses approved by the Court shall be wired to the Administrator within fifteen (15) days after the Effective Date of the settlement, pursuant to ¶ 41(e) below.  The Parties agree that any reduction in the amount of attorneys' fees, costs and/or expenses approved for Class Counsel shall not be a basis for rendering the entire Settlement voidable or unenforceable.  Any reduction of the amount of attorneys' fees, costs and/or expenses which is ordered by the Court and affirmed during any appeal shall be part of the Net Settlement Amount.

30.     Service Payments to Class Representative:  Subject to the Court's approval, Plaintiff shall be paid a service payment in an amount not to exceed $5,000.00, to be paid from the Maximum Settlement Amount, for her service as Class Representative, and in consideration for the General Release of Claims as defined in ¶ 47, in addition to any payments she may otherwise receive as Authorized Claimant. The service payment to the Class Representative approved by the Court shall be wired to the Administrator within fifteen (15) days after the Effective Date of the settlement, pursuant to ¶ 41(e) below. The service payment shall be treated as non-employee income and the Class Representative shall be issued an IRS Form 1099 in the amount of her service payment. The Parties agree that any reduction in the amount of the Class Representative's requested service payment shall not be a basis for rendering the entire Settlement voidable or unenforceable.  If the

Court approves a service payment of less than the amount sought, the remainder will be retained in the Net Settlement Amount.

31. <u>Settlement Administration Costs</u>:  All costs incurred in administering the Settlement (including retaining the Administrator who will handle the mailing of notices (including class notices and CAFA notices), forwarding of return notices, processing of claim forms, and mailing of the individual checks to Authorized Claimants) shall be paid from the Maximum Settlement Amount.

32. <u>Contingent Fund</u>:  Twenty-Five Thousand Dollars ($25,000) of the Maximum Settlement Amount shall be held in a reserve fund, which may be used for late Claimants and other contingencies, subject to consultation and agreement by the parties.  Pursuant to ¶42 and notwithstanding ¶34(i), and assuming agreement by both sides, Late Claimants will receive their Potential Settlement Payment unless such payments deplete the Contingent Settlement Fund, in which case Late Opt-Ins will receive a *pro rata* share of the remainder of the Contingent Settlement Fund at the time the claim is approved.  Any funds remaining 45 days after distribution of the settlement funds will be held in QSF for the Contingent Settlement Fund for a period of six months from the date of the Preliminary Approval Order; at the conclusion of the six month period, any unclaimed amounts shall revert to Defendants.

33. <u>Class and Collective Settlement Funds</u>.  The remaining portion of the Maximum Settlement Amount, Four Hundred Fifteen Thousand Dollars and No Cents ($415,000.00) ("Net Settlement Fund"), shall be allocated between two separate funds, which shall be distributed as follows:

(a) <u>Wisconsin Settlement Fund for Rule 23 Class</u>.  Fifty-Eight Thousand One Hundred Dollars and No Cents ($58,100.00) of the Net Settlement Fund shall be allocated to the Wisconsin

Settlement Fund. Each member of the Rule 23 Class (as defined in ¶ 37) shall receive a minimum guaranteed payment. The payments to the Rule 23 Class may be subject to a Form 1099.

(b) <u>FLSA or Collective Settlement Fund</u>. Three Hundred Fifty-Six Thousand Nine Hundred Dollars and No Cents ($356,900.00) of the Net Settlement Fund shall be allocated to the FLSA Settlement Fund. Payments from the FLSA Settlement Fund shall be allocated as provided in ¶ 34. The payments from the FLSA Settlement Fund may be subject to a Form 1099.

34. <u>Distribution to Settlement Class Members from FLSA Settlement Fund</u>:

(a) Within five (5) calendar days after receipt of the Final Class Data List (as set forth in ¶ 37(a) below), the Parties shall calculate each Settlement Class Member's potential Settlement Payment from the FLSA Settlement Fund ("Potential Settlement Payment"), as follows.

(b) The Potential Settlement Payment will be calculated in the following manner:

- For each Settlement Class Member, the total number of his or her recorded miles making deliveries for Defendant between January 31, 2017, and the date the Court grants preliminary approval of the Agreement shall be his/her "Individual Miles." The aggregate of all Individual Miles among all Settlement Class Members shall be the "Class Miles."

- Each Settlement Class Member's Individual Miles shall be divided by the Class Miles to obtain his/her "Payment Ratio."

- Each Settlement Class Member's Payment Ratio shall be multiplied by the Net Settlement Amount to arrive at his/her Potential Settlement Payment.

(c) <u>Submission of Claim Forms</u>: Only the Participating Class Members who submit timely and valid Claim Forms (the "Authorized Claimants") shall be paid from the FLSA Settlement Fund. To be timely, the Claim Forms must be submitted by the deadline indicated on the Notice and Claim Form by mail or fax (if mailed, bearing a postmark on or before the deadline), which date

shall be not later than 50 days after the Notice is mailed.  To be valid, Claim Forms must be signed, dated, and returned to Class Counsel by the deadline as explained below in ¶ 38. As the Named Plaintiff will sign this Agreement, she does not need to sign, date and return the Claim Form to demonstrate her consent to join the class action.

(d)     <u>Common Fund Settlement</u>: The FLSA Settlement Fund is a common fund settlement. If any Settlement Class Members do not file valid claims (and thus do not become Authorized Claimants) (hereinafter referred to as "Non-Claimants"), Defendants shall retain the amounts of Potential Settlement Payments from the FLSA Settlement Fund attributable to those Non-Claimants ("Non-Claimant Fund").

(e)     <u>Tax Allocation of Settlement Payments and Service Payment</u>: One-hundred percent (100%) of the Individual Settlement Payments made will be treated as non-taxable payments in reimbursement for incurred expenses and in settlement of claims for alleged interest and penalties. No payroll or tax withholdings will be taken from these payments.  The Authorized Claimants and the Class Representative will be responsible for correctly characterizing their respective settlement payments for tax purposes and paying any taxes owing on said amounts (including without limitation, any interest or penalties required by law). Any tax obligation(s) arising from the Individual Settlement Payments and the Class Representative's Service Payment will be the sole responsibility of each Authorized Claimant. Authorized Claimants must indemnify, defend and hold Defendants harmless for any federal, state and local tax liability, including taxes, interest, penalties or the like, and required withholdings, which may be or is asserted against or imposed upon Defendants by any taxing authority based upon any failure to pay any taxes due on the amounts being paid to the Authorized Claimants pursuant to this Agreement; provided, however, that, without making any representation or warranty concerning the tax treatment of any sums to be paid under this Agreement, and provided that nothing herein is intended as, and shall not be construed as, any

representation or admission by Defendants that any employer's share of income taxes shall be owed with respect to any such sums, the Parties acknowledge and agree that the indemnification obligations of the Authorized Claimants hereunder shall not extend to any potential employer's share of employment taxes owed by Defendants, if any. None of the Released Parties nor any of their representatives have made any warranty concerning the tax treatment of any sums to be paid under this Agreement, and Settlement Class Members have not relied on any such representation in determining the tax treatment of such sums.

(f)     None of the payments described in this Agreement shall be subject to matching contributions or included as benefits-eligible earnings under any benefit plan or policy of the Defendants or any of their current or former parent companies, subsidiaries or affiliates.

(g)     None of the payments and/or distributions detailed in this Section shall be made until the dates specifically called for herein.

(h)     Within ten (10) calendar days after receipt of the funds for Authorized Claimants, the Administrator shall mail the Individual Settlement Payments to the Authorized Claimants.

(i)     If the Settlement Payment from the FLSA Settlement Fund exceeds Thirty-Five Percent (35%) of the total FLSA Settlement Fund, Defendants, in their sole discretion, reserve the right to void this Agreement in full, with the Parties returning to the *status quo ante* and maintaining all rights and arguments existing prior to the Agreement.

35.     Conflict of Terms:  In the event of a conflict between the terms set forth in any communication (including, without limitation, the Notice and Claim Form) and this Agreement, the terms of this Agreement shall control.

**IV.**
**SETTLEMENT PROCEDURES**

36.     Motion for Preliminary Approval:  Within ten (10) business days after the execution of this Agreement by all Parties, Plaintiff shall file a motion for preliminary approval of the

Settlement (which shall not contain the monetary terms contained herein), applying to the Court for the entry of an Order that will be agreed upon by the Parties prior to submission:

(a)     Scheduling a fairness hearing on the question of whether the proposed Settlement should be approved as fair, reasonable, and adequate as to the Settlement Class;

(b)     Approving as to form and content the proposed Notice to the Settlement Class;

(c)     Approving as to form and content the proposed Claim Form;

(d)     Approving the proposed method of requesting exclusion from the Settlement;

(e)     Directing the mailing of the Notice and Claim Form by first-class mail to the Settlement Class Members;

(f)     Preliminarily approving the Settlement; and

(g)     Preliminarily certifying the Settlement Class for purposes of calculating Potential Settlement Payments, for purposes of settlement only.

37.     <u>Stipulation to Certification of Rule 23 Class</u>:  The parties agree to stipulate to Fed. R. Civ. P. 23 Class Certification of the following class ("Rule 23 Class"):

>All persons who have worked as a delivery driver for
>Defendants between January 31, 2017 and the date
>the Court grants preliminary approval.

The stipulation will state that the Parties are so stipulating for settlement purposes only and if this Agreement is not approved by the Court, the Parties agree that this stipulation will be void.

38.     <u>CAFA Notices</u>:  The Administrator shall send notice to the appropriate federal and state officials in accordance with the Class Action Fairness Act (CAFA) within ten (10) days after Plaintiff files the motion for preliminary approval of the Settlement.  The Administrator shall be responsible for any and all other CAFA notices or obligations required by law with respect to this Agreement.

39. <u>Confidentiality</u>: The Parties agree to treat the Settlement and/or this Agreement as confidential and agree that they shall not communicate to third parties in any way concerning this Agreement or any of its terms or conditions. The Parties and their Counsel may not make any public comment, make or have any communications to or with the press or media, or make any form of advertising or public announcement, utilize any form of social media or website, or issue any press release or media release regarding the terms of this Agreement. If any member of the media contacts the Parties or their counsel regarding this matter, the Party or counsel shall only respond that the matter has been resolved. Notwithstanding the foregoing, the Parties shall have the right to disclose this Agreement as may be required under federal or state tax and/or securities laws or under generally accepted accounting principles. Nothing in this paragraph prohibits Class Counsel from communicating with their clients including Settlement Class Members after the Court grants Preliminary Approval of the Settlement. Nothing in this Agreement shall prevent Defendants or Defendants' Counsel from making any necessary, appropriate, or required disclosures to regulators, auditors, bankers, and the like, or from complying with their obligations under the law. Class Counsel will promptly notify Defendants' Counsel of any third-party legal demand that they disclose information pertinent to the Settlement or this Agreement. Plaintiff agrees not to oppose any motion by Defendants to file the Agreement under seal or for *in camera* review. However, if the Court requires the public filing of this Agreement, such requirement will not affect the validity of the settlement.

40. <u>Notice to the Class</u>:

(a) Within seven (7) calendar days after Plaintiff files the motion for preliminary approval of the Settlement, Defendants will provide to the Administrator the names, last known addresses, last known telephone numbers, and the last four digits of the social security numbers of the Settlement Class Members, along with data indicating the number of miles driven for each

Settlement Class Member between January 31, 2017, and February 15, 2020 ("Initial Class Data List"). Defendants will provide Class Counsel a copy of the Initial Class Data List that does not include the contact information or social security numbers of the Settlement Class Members. This data shall be based on Defendants' payroll and/or other business records and shall be used to prepare the CAFA notices. Within ten (10) calendar days following the Court's Order granting Preliminary Approval of the Settlement, Defendants will supplement the Initial Class Data List to provide data for employees who worked from February 16, 2020 through the date the Court grants Preliminary Approval ("Supplemental Class Data List") (together with the Initial Class Data List, "Final Class Data List").

(b) Within five (5) calendar days after receipt of the above Final Class Data List from Defendants, to the extent practicable, the Administrator shall consult the National Change of Address Registry, and mail to all Settlement Class Members, by first-class U.S. mail, the Notice and Claim Form, and a pre-addressed, postage-paid return envelope (collectively, "the Notice Packet").

41. <u>Claim Process</u>:

(a) Settlement Class Members seeking payment from the FLSA Settlement Fund shall have fifty (50) calendar days after the initial mailing of the Notice Packets to return their Claim Forms to the Administrator ("Claims Period Deadline"). Claim Forms may be submitted to the Administrator via U.S. mail postmarked on or before the Claims Period Deadline, or sent by fax or e-mail on or before the Claims Period Deadline. In the case of mailed Claim Forms, the postmark date will be deemed the date of submission. In order for a Settlement Class Member to become an Authorized Claimant for the FLSA Settlement Fund, he/she must verify his/her identity by providing accurately on the Claim Form the last four digits of his/her social security number. This entry shall be checked against the Class Data List.

(b)      If a Settlement Class Member submits a timely Claim Form that is rejected by the Administrator as deficient in some material respect (for example, the Settlement Class Member failed to sign the Claim Form), the Administrator will notify the Settlement Class Member in writing of the basis for the deficiency and give the Settlement Class Member a reasonable opportunity to cure the deficiency, including a follow-up telephone call, if necessary. Class Counsel and/or the Administrator also will provide assistance to the Settlement Class Member if requested.  Settlement Class Members shall have the greater of fifteen (15) calendar days after notification of the deficiency, or until the Claims Period Deadline, to cure the deficiency.

(c)      The Administrator shall provide the Parties with a weekly update of the number of claims received (including the numbers of valid and deficient claims), and any opt-outs and/or objections, and provide copies of any Claims Forms;

(d)      Within ten (10) days of the Claims Period Deadline, the Administrator shall provide to the Parties any Claim Forms and opt-outs and/or objections not provided in accordance with subparagraph (c) above, along with a final list of all Authorized Claimants and each Authorized Claimant's Individual Settlement Payment (hereinafter "Final Payment List").  The parties shall agree on the Final Payment List.

(e)      Within fifteen (15) days of the Effective Date or agreement on the Final Payment List, whichever is later, Defendants shall wire to the Administrator an amount sufficient to pay all Authorized Claimants on the Final Payment List in the amount provided therein, Class Counsel's approved attorneys' fees and costs, and the Class Representative's approved Service Award.

(f)      Within ten (10) days of receipt of the settlement funds, the Administrator shall issue checks to Class Counsel, Class Representative, and the Settlement Class Members who do not timely and properly opt out or exclude themselves from the settlement, as set forth herein.

(g)     Each settlement check shall include the following release language on the back of the check:

> By signing and cashing or otherwise negotiating this check I release all claims or causes of action I have against the Released Parties in the lawsuit styled *Jacquelyn Burton et al. v. AMNJ Enterprises, Inc. et al.*, Case No. 2:19-cv-164-PP (the "Action") for the claims that were asserted in any civil complaint filed in the Action; that relate to or arise out of the reimbursement of expenses, under-reimbursement of expenses, or failure to reimburse expenses of any kind; that relate to or arise out of the payment of the applicable minimum wage, under-payment of the applicable minimum wage, or failure to pay the applicable minimum wage; or that arise under WI Stat. § 109.01, Wisconsin common law, or any similar state, municipal or local laws. In addition to the foregoing, Authorized Claimants have also agreed to release the Release Parties from federal claims under the FLSA during the Release Period.

42.     <u>Records and Disputes</u>:  If a Settlement Class Member who receives a Claim Form wishes to dispute the calculation of his or her Individual Settlement Payment, the Settlement Class Member may so notify the Administrator or Class Counsel and should produce any supporting information and/or evidence available to the Settlement Class Member. The Parties will meet and confer in an attempt to resolve any disputes and will endeavor to resolve the issue informally. If a person believes that he or she was wrongly excluded from being a member of the Settlement Class, the Parties will endeavor to resolve the issue informally with any additional and agreed upon amounts to come from the Contingent Fund.

43.     <u>Objections to the Settlement</u>:  Settlement Class Members who wish to object to the Settlement must not exclude themselves from the Settlement and must serve on the Administrator, not later than thirty (30) calendar days after the date that the Administrator first mails the Notice Packets ("Objection Deadline"), a written statement objecting to the Settlement and setting forth the grounds for the objection, as explained further in the Notice. This statement also must indicate whether the Settlement Class Member intends to appear and object to the Settlement at the Final Approval Hearing.  The failure to so indicate will constitute a waiver of the right to appear at the

hearing. A Settlement Class Member who does not submit an objection in the manner and by the deadline specified above shall be deemed to have waived all objections and will be foreclosed from making any objection to the Settlement, whether by appeal or otherwise, absent a contrary order of the Court.

44. <u>Requests for Exclusion</u>:

(a) Settlement Class Members who wish to exclude themselves from the Settlement (opt out of the Settlement) must submit to the Administrator, not later than thirty (30) calendar days after the date that the Administrator first mails the Notice Packets ("Opt-Out Deadline"), an Exclusion Letter requesting that he or she be excluded from the Settlement Class. Exclusion Letters may be submitted to the Administrator via U.S. Mail or fax. A Settlement Class Member who does not submit a valid and timely Exclusion Letter in the manner and by the deadline specified above shall be bound by all terms and conditions of the Settlement, releases and by the Judgment, regardless of whether he or she submits a Claim Form. A Settlement Class Member who timely submits a valid Exclusion Letter shall not participate in, or be bound by, the Settlement or the Judgment in any respect. To be valid, Exclusion Letters must be submitted to the Administrator by the Opt-Out Deadline. Persons who submit an Exclusion Letter shall not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement.

(b) If a Settlement Class Member completes and submits both a Claim Form and an Exclusion Letter, the Administrator will contact the Settlement Class Member to obtain clarification of the Settlement Class Member's intent. In the event that the Administrator is unable to obtain clarification of the Settlement Class Member's intent by the time of the Final Approval Hearing, it will be presumed that the Claim Form is controlling, and such Settlement Class Member shall be treated as an Authorized Claimant, be paid an Individual Settlement Payment pursuant to the Claim Form, and be bound by the terms of the Settlement. The Administrator will inform the Parties'

Counsel of the name of any person who submits both a Claim Form and an Exclusion Letter. As necessary, the Court will be the final arbiter with respect to any disputes as to whether a person has filed a valid Claim Form, a valid Exclusion Letter, a valid objection to the Settlement, and/or a valid dispute as to the person's inclusion or exclusion as a Participating Class Member and/or Authorized Claimant.

(c)     Although Settlement Class Members who do not submit either a valid and timely Claim Form or a valid and timely Exclusion Letter will not receive an Individual Settlement Payment, they shall be bound by all of the terms of the Settlement, including without limitation, the release set forth in the Settlement.

45.     <u>Final Approval</u>:

(a)     Within ten (10) calendar days prior to the Final Approval Hearing, Plaintiffs will file with the Court a motion for final approval of the Settlement and a memorandum in support of their motion. Class Counsel will prepare the motion for final approval and will provide Defendants' Counsel sufficient opportunity to review and agree on the content of the motion before it is filed.

(b)     At the time the motion for final approval of the Settlement is filed, Class Counsel or the Administrator shall provide the Court a report specifying the due diligence that it has undertaken with regard to the mailing of the Notice; and reporting (to date) on the number of claims, objections, disputes (and status), and opt-outs submitted.

(c)     Not later than five (5) court days before the Final Approval Hearing, the Parties may file, jointly or separately, a reply in support of their joint motion for final approval of the Settlement, in the event any opposition to the joint motion for final approval has been filed. Likewise, Class Counsel may file a reply in support of the motion for approval of Class Counsel's attorney's fees and costs, in the event any opposition to the motion for such attorneys' fees and/or costs has been filed.

(d)     At or before the Final Approval Hearing, the Parties will present a Judgment for the Court's entry. After entry of the Judgment, the Court will have continuing jurisdiction over the Action and the Settlement solely for purposes of enforcing the Settlement, addressing settlement administration matters, and addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

(e)     Upon the filing of the motion for final approval of the Settlement, the Parties will submit a proposed Order in a mutually agreeable form:

- Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

- Approving Class Counsel's motion for attorneys' fees and expenses;

- Approving the Class Representatives' service payments;

- Permanently enjoining all Settlement Class Members (Authorized Claimants and Non-Claimant Settlement Class Member) (other than those who filed timely and valid Exclusion Letters) from prosecuting against the Released Parties (defined below) any and all of the Released Claims of the Authorized Claimants and Non-Claimant Settlement Class Members (defined below);

- Permanently enjoining the Class Representative from prosecuting against the Released Parties any and all of the Class Representative's Released Claims (as defined below); and

- Dismissing the Action with prejudice.

46.     <u>Returned Checks</u>:  If an Individual Settlement Payment check envelope is returned as undeliverable, the Administrator will use its discretion to take all steps necessary to locate an updated mailing address for that Settlement Class Member, including without limitation, enhanced

skip tracing methods, calling and/or emailing the Authorized Claimant using the telephone number and/or email address provided in his or her returned Claim Form.

47. <u>Uncashed Checks</u>: If an Authorized Claimant has not cashed his or her Individual Settlement Payment check within one-hundred twenty (120) calendar days after issuance, such check will become stale and the funds returned by the Administrator to Defendants.

## V.
## <u>RELEASE OF CLAIMS</u>

48. <u>Settlement Class Members' Released Claims</u>: Upon the Effective Date of the Settlement, the Class Representative and the Settlement Class Members (other than those who submit valid and timely Exclusion Letters) will release and forever discharge Defendants, and each of their former and present predecessors, successors, parents, subsidiaries, franchisors, insurers, and affiliates, whatever their current or former legal names or legal entity status, and each of their respective current and former owners, officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising on or before the date the Court grants preliminary approval ("Release Period"), arising out of, based on, or encompassed by: (a) the claims that were asserted in any civil complaint filed in this case on behalf of any Settlement Class Member; (b) claims that relate to or arise out of the reimbursement of expenses, under-reimbursement of expenses, or failure to reimburse expenses of any kind; (c) claims that relate to or arise out of the payment of the applicable minimum wage, under-payment of the applicable minimum wage, or failure to pay the applicable minimum wage; or (d) claims that arise under the WI Stat. § 109.01 *et seq.*, Wisconsin common law, or any similar state, municipal or local laws but without releasing federal or claims under the Fair Labor Standards Act (FLSA). Without limiting the generality of the foregoing, the claim preclusion effect of this Settlement, and the judgment thereon, for res judicata purposes shall be co-extensive

with this release of claims.  (collectively, the "Settlement Class Members Released Claims"). In addition to the foregoing, Authorized Claimants also agree to release the Release Parties from federal claims under the FLSA during the Release Period.

49. <u>Release of Fees and Costs</u>:  Plaintiffs, on behalf of themselves and the Settlement Class Members, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they have or may have against Defendants for attorneys' fees, costs, or expenses associated with this Action, including but not limited to those attorneys' fees, costs, or expenses associated with Class Counsel's representation of the Plaintiffs and Settlement Class Members in this Action. Plaintiffs further understand and agree that any fees and costs payment provided for herein will be the full, final, and complete payment of all attorneys' fees, costs, and expenses associated with Class Counsel's representation of Plaintiffs and the Settlement Class Members in this Action.

50. <u>General Release by Class Representative</u>:

(a)  In exchange for the Service Award described herein, the Class Representative agrees to sign a Supplemental Settlement Agreement containing a General Release of claims in the form attached as Exhibit A.

(b)  The Parties agree that any refusal by the Court to approve of the General Release by Class Representative as set forth in this paragraph shall not be a basis for rendering the entire Settlement voidable or unenforceable. The Parties further agree that the Service Award is contingent upon the execution of the Supplemental Settlement Agreement and General Release.

# VI.
## ADDITIONAL PROVISIONS

51.     No Waiver of Arbitration Agreements:  The Parties agree that, by entering into and seeking Court approval of this Agreement, Defendants in no way waive any rights to enforce arbitration agreements entered into between Defendants and Settlement Class Members, including the waiver of class and collective action litigation, or to enforce similar agreements with other employees.

52.     Signatories:

(a)     The respective signatories to the Settlement represent that he, she or they are fully authorized to enter into this Settlement and bind to its terms and conditions the respective entities for which the person is signing as shown on the signature line.

(b)     The Parties agree that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement. The Notice will advise all Settlement Class Members of the binding nature of the release. Excepting only the Settlement Class Members who submit a valid and timely Exclusion Letter, this Agreement shall have the same force and effect as if it were executed by each Settlement Class Member.

53.     Cooperation to Implement Settlement: The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to executing such documents and taking such other actions as may reasonably be necessary to implement the terms of the Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of the Settlement.

SETTLEMENT AND RELEASE AGREEMENT

54.     Disputes: Any dispute between the Parties concerning the interpretation or implementation of this Agreement will be resolved by the Court. Prior to any such resort to the Court, counsel for the Parties will confer in good faith to resolve the dispute. If the Parties are unable to resolve the dispute themselves, the dispute will be submitted to the Court, unless the Parties agree otherwise.

55.     No Prior Assignments: The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

56.     No Admission of Liability and Inadmissibility of Settlement:

(a)     Defendants deny liability to Plaintiff and the Settlement Class for any claim or cause of action. Defendants have denied and continue to deny each of the claims and contentions alleged by Plaintiff in the Action. Defendants have repeatedly asserted and continue to assert defenses thereto, and have expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. Defendants also have denied and continue to deny the allegations that the Settlement Class Members have suffered damage or that the Settlement Class Members were harmed by the conduct alleged in the Action. By entering into this Agreement, Defendants in no way admit to the suitability of this Action for class action litigation other than for purposes of settlement.

(b)     Settlement of the Action and all acts performed or documents executed in furtherance of this Agreement or the settlement embodied herein: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants, or of the truth of any of the factual allegations in any and all Complaints filed in the Action; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on

the part of Defendants in any civil, criminal, administrative or arbitral proceeding; and (c) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class or collective action treatment other than for purposes of administering this Agreement. The Parties understand and agree that this Agreement and any exhibit hereto are settlement documents and shall be inadmissible in any proceeding for any reason, except a proceeding to enforce the terms of this Agreement.

57.    <u>Fair, Adequate, and Reasonable Settlement</u>: The Parties agree that the Settlement is fair, adequate, and reasonable, and will so represent it to the Court; provided, however, that nothing herein is intended to, and shall not be construed to, waive the confidentiality of the Parties' settlement or settlement negotiations and discussions pursuant to the Federal Rules of Evidence.

58.    <u>Waiver of Appeals</u>: The Parties agree to waive all appeals from the Court's final approval of this Settlement, unless the Court materially modifies the Settlement; provided, however, that Plaintiff may appeal any reduction in the amount of Class Counsel's fees and expenses and/or the service payment to the Class Representative. Any reduction in the amount of Class Counsel's fees, Class Counsel's expenses, and/or the service payment to the Class Representative will not, however, constitute a material modification of the Settlement and will not be grounds to void the Settlement.

58.    <u>No Tax Advice</u>: Neither Class Counsel nor Defendants' Counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability, nor shall anything in this Settlement be relied upon as such within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended) or otherwise.

59.    <u>Class Certification and Settlement Approval</u>:

(a)    In connection with the request for Preliminary Approval of the Settlement, Plaintiff shall seek an order certifying the Settlement Class for settlement purposes only under WI

Stat. § 109.01. Defendants are consenting to the certification of the Settlement Class for settlement purposes only and contend that class certification would not be appropriate if the matter were litigated.

(b)     In the event: (i) the Court does not enter the Order specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter a Final Judgment as provided herein, which becomes final as a result of the occurrence of the Effective Date; or (iv) the Settlement does not become Final for any other reason, this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void from the beginning. In such a case, any certified class shall be decertified, the Parties shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed. In such case, the Settlement shall not be used or be admissible in any subsequent proceedings, either in this Action, with the Court or in any other Court or forum.  In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

60.     Use of Confidential Documents and Information:  Plaintiff and Class Counsel agree to keep confidential all documents and information produced in the course of discovery and litigation of this Action, and Plaintiff agrees to return any such documents to Class Counsel. All documents and information produced in discovery in this Action, otherwise obtained in the course of the litigation of this Action, as well as all documents and information (including Settlement Class Member contact information) produced in connection with effectuation of this Settlement, shall only be used for purposes directly related to the effectuation of this Settlement.

61.     Cooperation in Drafting: The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties, and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party, his, her, its, or their counsel participated in its drafting.

62.     Applicable Law:  All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of Wisconsin, without giving effect to any conflict of law principles or choice of law principles.

63.     Captions and Headings:  Captions, headings or paragraph titles in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.

64.     Modification: This Settlement may not be changed, altered, or modified, except in writing, and signed by the Parties, and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

65.     Integration Clause: This Settlement contains the entire agreement between the Parties relating to the resolution of the Action. All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement.  No rights under this Agreement may be waived except in writing.

66.     Binding on Assigns: This Settlement may be binding upon and inure to the benefit of the Parties and their respective heirs, trustee, executors, administrators, successors and assigns.

67.     Counterparts:  This Agreement shall be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

68.     Interim Stay of Proceedings in Action:  The Parties agree to hold in abeyance all proceedings in the Action, except such proceeding necessary or appropriate to implement and complete the Settlement, pending the Final Approval Hearing.

69.     Enforceability:  When this Agreement is signed by all Parties and their attorneys of record, it shall be fully enforceable by the court pursuant to any applicable provision of law.

70.     Revocation of Previous Agreement:   By executing this Agreement, the Parties expressly revoke and render void the Settlement and Release Agreement signed by Plaintiff on April 14, 2020.

Date:  8/10/20

_____
AMNJ Enterprises, Inc.

By its:  V, PRESIDENT

Date:  8/10/20

_____
Joel Burton

Date:  Aug 7, 2020

_Jacquelyn R Burton (Aug 7, 2020 16:47 CDT)_

Jacquelyn Burton

SETTLEMENT AND RELEASE AGREEMENT